TAYLOR v. WEBSTER.

*D. Brier*, for the plaintiffs.

*L. Wallace*, for the defendant.

(1) See General Laws 1849, p. 88.

## TAYLOR *v.* WEBSTER.

The name given to an action, in a justice's Court, is, under the R. S. 1843, immaterial, and a statement of demand, though very informal, is sufficient.

ERROR to the *Tippecanoe* Circuit Court.

Saturday, November 27.

BLACKFORD, J.—*Webster* sued *Taylor* in assumpsit before a justice of the peace.

The statement of demand is as follows:

Clinton Taylor to Asahel P. Webster,       Dr.

To one gelding horse,· · · · · · · · · · · · · · · · · · · · · · $75 00

            Cr. · · · · · · · · · · · · · · · · · · · · · · · · · 10 00

            Balance, · · · · · · · · · · · · · · · · · · · · · · $65 00

*August* 27th, 1849.

The justice gave judgment for the plaintiff, and the defendant appealed to the Circuit Court.

The cause was tried by the Circuit Court without a jury, and judgment rendered for the plaintiff for 70 dollars and 81 cents.

The material facts proved were as follows:

The horse in question being *Webster's*, was sold by one *Burgess* to *Taylor* for 10 dollars in money and a note for 65 dollars given by *R. A. Lockwood* to *Taylor*, which note *Taylor* indorsed in blank. The note was afterwards handed to one *Rockwell*, a clerk of *Webster's*, and *Rockwell* applied to *Lockwood's* agent, without success, for pay-

ment of the note. The note was afterwards in *Webster's* possession.

*Taylor*, on the same day he bought the horse as aforesaid, or the next day, sold him to a traveler for 75 dollars.

There was no proof that *Burgess* was authorized by *Webster* to make the sale of the horse to *Taylor*. It is contended, however, that *Webster* afterwards ratified the sale. The only evidence on the subject is that which we have already mentioned. The Court, sitting as a jury, might have inferred from the facts proved that *Webster* knew of said sale to *Taylor*, and had assented to it; but the Court might also have inferred the contrary, which it must be presumed they did, as they found for the plaintiff. This is one of those cases in which, we think, this Court ought not to interfere with the verdict.

Considering, therefore, that the horse, at the time *Taylor* sold him, was *Webster's* property, *Taylor* must be liable to *Webster* for the value of the horse.

The suit having been commenced in a justice's Court, the name given to the action is immaterial; and the statement of demand, though very informal, is sufficient. R. S. 871.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages, and costs.

*R. Jones*, for the plaintiff.

*J. Pettit* and *S. A. Huff*, for the defendant.