Jewett, Administrator, *v.* Hurrle.

No. 15,169.

JEWETT, ADMINISTRATOR, *v.* HURRLE.

DECEDENTS' ESTATES.—*Preferred Claim.*—*Proceeds of Sale to Pay.*—*When Creditor Entitled to.*—Where a note executed by a decedent is secured by a chattel mortgage, and the mortgaged property is sold by order of court, free from the lien, to pay the debt, the creditor is entitled to his pay from the proceeds of the sale, in advance of the settlement of the estate, and before the expiration of one year from the date of the issuing of the letters of administration.

SAME.—*Attorney's Fees.*—*Recovery of.*—In such a case, where the administrator, instead of paying the same, retains the money and requires the claimant to come into court and obtain an order on him to pay it, he is entitled to an allowance for attorney's fees.

From the Floyd Circuit Court.

*C. L. Jewett,* for appellant.

*J. V. Kelso* and *C. D. Kelso,* for appellee.

OLDS, J.—The appellee held a note for $1,000, with interest, and containing an agreement to pay attorney's fees, executed by the decedent of whose estate the appellant is administrator, which note was past due at the date of the death of the decedent.

The note was secured by chattel mortgage executed by the decedent on certain personal property owned by him. The administrator sold the personal property mortgaged and realized the money for the same, which he held in his hands, amounting to a sum in excess of the amount due on the note secured by the mortgage. The appellee placed the note in the hands of his attorneys for collection, who filed the note as a claim against the estate of the decedent, setting up the fact that the note was secured by a chattel mortgage, setting out a copy of the note and mortgage, and asking for an allowance of the claim together with $100 attorney's fees. The administrator allowed the claim for the amount of principal

and interest, and entered such allowance on the appearance docket, but did not allow any sum for attorney's fees. At the following term of the court, at the request of the appellee, and by the consent of the administrator, the claim was docketed by the clerk for the purpose of determining whether the appellee was entitled to any allowance for attorney's fees, and whether he was entitled to have said claim paid before the expiration of one year from the date of issuing letters of administration, and before the settlement of said estate.

The estate was being settled as an insolvent estate, but it is admitted that the administrator held in his hands assets, cash on hand, sufficient to pay the claim, together with all other preferred claims, all costs of administration, and to pay a dividend on the general debts of the estate, and that the administrator had sold the property mortgaged to secure the payment of this debt free from, and to discharge, the lien thereon, and had realized an amount in excess of the debt.

There was a trial, and the court allowed $60 as attorney's fees, and ordered said claim paid by the administrator out of the funds in his hands belonging to said estate.

Counsel present and discuss two questions:

*First.* Was the appellee entitled to an order for the payment of the claim in advance of the settlement of the estate and before the expiration of one year from the date of issuing letters of administration, and was he entitled to an allowance for attorney's fees?

The settlement of decedents' estates is under the control of the circuit courts.

Section 401, Elliott's Supp. 1889, makes it the duty of the administrator to pay the debts in the proper order as soon as he shall have money in his hands with which to pay the same, and makes him liable for the interest on such claim for the time which he delays or fails to pay the same. This section, it is true, applies more particularly to solvent estates, but this estate was solvent so far as the preferred creditors were concerned. It is the policy of the law that claims

shall be paid as soon as funds are realized out of which claimants are entitled to be paid.

The appellee's claim was secured by a mortgage on the personal property, and the administrator had obtained an order of court, as it is admitted, to sell such property free from such time to pay the lien, and he had sold the property for the purpose of paying this debt, and had the money realized from such sale in his hands to pay the same. The administrator had the money in his hands which the appellee was entitled to in satisfaction of his claim, and the administrator declined to pay it to the appellee, and the cause was placed on the docket to determine the question as to the right of the appellee to have the administrator to pay his claim from the money in his hands realized from the sale of the mortgaged property.

We think, under the facts as admitted in this case, the creditor, the appellee, was entitled to have his claim paid from this specific fund realized from the property ordered to be sold for the payment of his claim before the expiration of the one year, and the administrator having sold the property and refusing to pay the claim except the auditor apply to the court and obtain an order against him to pay the claim, makes it a case wherein the administrator by his default rendered it necessary for the employment of an attorney by the claimant to institute proceedings to compel the payment of his claim and protect his legal rights, and he is therefore entitled to an allowance for attorney's fees, in accordance with the contract as stipulated in the note. This court has repeatedly held that where a claim, based upon a note containing a promise to pay attorney's fees, is filed against an estate and not allowed, and placed upon the issue docket and is contested, the claimant is entitled to recover attorney's fees. *Bond* v. *Orndorf*, 77 Ind. 583 ; *Price* v. *Jones*, 105 Ind. 543 ; *Hanna* v. *Fisher*, 95 Ind. 383. We can see no reason why the claimant should not recover attorney's fees, when the acts or default of the administrator renders it neces-

·sary for him to employ an attorney, and incurs a liability for attorney's fees. A different question would be presented in case of an undisputed and unsecured promissory note where neither the decedent nor the administrator is at fault, and where all that is required of the claimant is to file the same in the office of the clerk, as required by the statute; but in this case the note was secured by chattel mortgage, and the mortgaged property sold by order of the court, free from the lien, to pay the debt, and the creditor is entitled to his pay from the proceeds of the sale, and the administrator, instead of paying the same, retains the money and requires the claimant to come into court and obtain an order on him to pay it.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

