VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Judicial Settlement of the Account of HENRY HEUSER, as Administrator, etc., of MAGDALENA HEUSER, Deceased.

HENRY HEUSER, as Administrator, etc., Appellant; FREDERICK HEUSER and Others, Infant Heirs, Respondents; KITTIE K. HEYWARD, Respondent.

*Surrogate's Court — an administrator's account and the objections filed establish the issues — further objections demand a rehearing.*

Where proceedings are taken to settle the accounts of an administrator, the account filed and the objections to the account, also filed, represent the pleadings of the parties and determine the issues.

When an administrator has filed his account, and no objection has been filed alleging that he has omitted from his account any assets of the deceased, it is improper to allow him to be cross-examined upon the final hearing as to transactions between himself and the deceased tending to show further assets, of the estate in his hands. The proper practice in such case is to file the new objection and to have a rehearing of the account, the administrator being given further time to prepare his defense to the new objection.

* See *post*, p. 269.

APPEAL by Henry Heuser, as administrator of the goods, chattels and credits of Magdalena Heuser, deceased, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 14th day of November, 1894, settling and adjusting his accounts as such administrator, and also from an order entered in said office on the 17th day of April, 1894, denying his application for a new trial upon the ground of newly-discovered evidence.

*Leonard Bronner*, for administrator, appellant.

*Porte V. Ransom*, special guardian, for infant heirs, respondents.

*Marshall B. Clarke*, for Kittie K. Heywood, respondent.

O'BRIEN, J.:

Magdalena Heuser died intestate on the 23d of October, 1885, leaving her surviving her husband, the present administrator, and four children, three of whom were minors. In February, 1893, the administrator filed his petition for a voluntary accounting with his accountant vouchers, from which it appeared that the deceased was possessed at the time of her death of the sum of $3,000, which was then on deposit in the German Savings Bank, with which sum, together with $368.78, interest thereon, the administrator charged himself, and as against such amount credited himself with the sum of $1,501.65, which he claimed to have paid out for funeral expenses and other disbursements in connection with his administration, leaving the sum of $1,867.13 to be distributed by the administrator among those entitled thereto, subject to the deduction of commissions and the expenses of the accounting. The special guardian filed objections to the account, which related solely and exclusively to items and matters set forth and contained in such account.

On the 31st of May, 1893, the hearing upon the objections came on before the surrogate, and the special guardian having expressed a wish to examine the administrator as to the objections filed, what followed is thus set forth in the record: Addressing the surrogate, the special guardian said: "I should like to examine the administrator. [The surrogate]: With reference to the fourth objection? [The special guardian]: Yes, sir."

First Department, May Term, 1895. [Vol. 87.

The administrator was then placed upon the stand and examined at length as to when he became acquainted with the deceased, the date of his marriage with her, and his relations to the business which at the time of the marriage was being carried on by the deceased. From such testimony it appeared that the administrator became acquainted with the deceased some time in June, 1874, and married her on the 20th of March, 1878; that during that time and up to about May 1, 1879, she was engaged in carrying on the liquor business at No. 302 East Thirty-fourth street, when she moved to No. 321 East Thirty-fourth street, and there she remained continuing the liquor business until October 24, 1879, when she sold her business for the sum of $275 in cash. On October 14, 1879, purchase was made of a saloon and boarding house at No. 905 Third avenue for the sum of $500, of which $300 was paid in cash, and a purchase-money mortgage for the balance of $200 was advanced by the brewer, and this business was continued down to the death of the wife and subsequent thereto until the 31st of August, 1889. The money was paid by the husband and the title taken in his name, but whether this business was owned by the administrator personally, or was conducted in his name as agent for the wife, was a question which, upon the testimony, the special guardian insisted should be resolved in the wife's favor, and in this the learned surrogate agreed, charging the administrator with the income from the Third avenue saloon at the rate of twenty-five dollars a month from October 23, 1885, the date of the death of Magdalena Heuser, to February 3, 1893, the date of the filing of the account, together with the value of the fixtures, good will and stock and license of the saloon. The hearing before the surrogate was commenced and completed on May 31, 1893, and while findings were proposed in July of that year, the entry of a decree was adjourned over from time to time and, as entered, bears date November 14, 1894. Feeling aggrieved at the conclusion reached as to the ownership of the Third avenue business, and prior to the making of any order or decree by the surrogate, the administrator applied for a new trial on the ground of newly-discovered evidence and surprise, which was denied, and it is from the decree and the order denying a new trial that this appeal is taken.

It has been many times held in these proceedings that the account

filed and the objections thereto represent the pleadings of the parties, and that the issues to be tried are to be determined therefrom. The procedure adopted and the result here show, we think, the wisdom of adhering to the rule. Though no objection was filed to the account claiming that the administrator should be charged with anything more than the amount left by the deceased and which was on deposit in the savings bank, he was examined at the request of the special guardian, not as to matters connected with the objections filed, but in regard to his relations to the business carried on by him or by his wife or both of them jointly, and without any notice or intimation that such a claim would be made, he was held liable to account for the profits, good will, stock and fixtures of the Third avenue business. We think the administrator was entitled to some notice that such a claim would be advanced upon his accounting, and the orderly way of doing this would have been to file a proper objection. Without this being done, however, the administrator, as stated, was examined at length in regard to his business for many years back. That he did not know the purpose of the inquiry and was not prepared to maintain his claim to the ownership of the business appears from the record, wherein, in respect to transactions that took place some years prior to the date of his examination he gave answers which were not only inconsistent but at times not intelligible; and the reason for this, in addition to the lapse of time, is shown by the affidavits presented upon the motion for a new trial, from which it appears that the administrator is somewhat deaf, not over intelligent, and failed to apprehend the meaning of many of the questions put to him. It was also shown upon such motion that written documents connected with the purchase of the Third avenue store were in the possession of the administrator, which, had he been in any way apprised of the claim to be made, he could have produced, and which would seemingly have a tendency to establish the claim advanced by him upon the motion, that he was able to prove that the Third avenue business belonged to him individually, and not to the deceased.

We think that the situation was one which required that the discretion vested in the surrogate to grant a rehearing should have been exercised in favor of the administrator. Were it not for the

conclusion reached that the administrator had appropriated and failed to account for property belonging to the deceased, there would be no valid reason for depriving him of his commissions and charging him personally with the expenses of the accounting, which in connection with the other terms of the decree bore most rigorously against the administrator. It may be that the same conclusion will be reached after a thorough and proper examination has been had; but we think that the interests of justice and the proper and orderly procedure which should be observed, require that those opposed should file proper objections, and then the administrator should be permitted, if he can, to sustain his claim.

So much of the decree, therefore, as charges the administrator with the net income, good will, etc., of the Third avenue business, and the order denying a rehearing on that question, should be reversed, without costs upon this appeal, and leaving all questions as to costs and allowances to be awarded and the commissions of the administrator for the consideration and determination of the surrogate upon the retrial hereby ordered.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Decree and order denying rehearing reversed, without costs, leaving all questions as to costs, allowances and commissions to be determined by surrogate upon the retrial hereby ordered.