No. 1,649.

## WYSONG, EXECUTOR, ETC., v. NEALIS ET AL.

DECEDENT'S ESTATE.—*Executor.*—*Final Report.*—*Claim of Executor.*
—*Exception To.*—*Burden of Proof.*—Claims of an executor, in his
final report, for credits against the estate, are in the nature of sep-
arate complaints, and exceptions to them or any one of them placed
the burden on him (the executor), and he is required to establish
the correctness of his report in respect to such matters as are em-
braced in the exceptions.

SAME.—*Issues Joined by Claim and Exception, How Tried.*—The
issues joined on the claims for credits and exceptions thereto should
be tried and determined by the same rules that govern in ordinary
civil actions arising out of claims filed against estates of deceased
persons.

SAME.—*Strained or Technical Construction.*—*Claim.*—No strained or
technical rule should be applied to defeat a just claim in settling
the estate of a deceased person.

SAME.—*Executor Paying Claim Not Filed.*—If a breach of a cove-
nant by the deceased occurs before a final settlement of the estate,
it is a proper claim against the estate; and while the statute con-
templates that claims should be filed and allowed before being paid,
still if the administrator or executor has paid a just and valid
claim, he is entitled to credit therefor.

SPECIAL FINDING OR VERDICT.—*Office Of.*—The office of a special
finding or verdict is to determine such facts embraced within the
issues as give rise to the legal conclusions. These facts are usually
the ultimate facts, the proof as contradistinguished from the evi-
dence.

SAME.—*Facts and Inferences.*—*What Should Be Stated.*—Some-
times an ultimate fact contained in the verdict is a conclusion or
inference from other facts, in which case the verdict should also
find and set out the facts which give rise to the inference or con-
clusion.

SAME.—*Irrelevant and Foreign Matter.*—*Judgment.*—If, after elim-
inating all irrelevant and foreign matter, the facts remaining are
sufficient to support the conclusions of law, the verdict or finding
will not be deemed insufficient to support the judgment by reason
of such foreign matter.

SAME.—*Silent as to Material Fact in Issue.*—Where a verdict or
finding is silent upon a material fact in issue, such silence is equiva-
lent to a finding against the party having the burden of proving
such facts.

Wysong, Executor, etc., *v.* Nealis *et al.*

SAME.—*Recovery.*—Before the plaintiff is entitled to recover, he is required to produce a state of facts which will support conclusions of law of his right to recover.

SAME.—*Legal Conclusions.*—*Conclusion Not Warranted by the Finding.*—The stating of legal conclusions not warranted by the findings will not be prejudicial error if the legal conclusions correctly drawn support the judgment.

SAME.—*Sufficiency of Finding.*—*Judgment.*—*Recovery.*—If a finding will not support a judgment for the plaintiff, and the defendant has asked no affirmative relief under the issues, then the finding will support a judgment in favor of the defendant.

VENIRE DE NOVO.—*When Awarded.*—A *venire de novo* is only awarded in this State for formal defects in the verdict or finding of the court, such as ambiguity and uncertainty.

SAME.—*Purpose Of.*—It reaches defects in a verdict or finding that, in some instances, can be reached in no other manner.

SAME.—*Special Finding.*—*Party Having Burden of Issue Entitled to Clear and Unambiguous Finding.*—While irrelevant matter and unwarranted conclusions may be disregarded in drawing the legal conclusions and in pronouncing judgment, still the party having the burden of proof on any issue is entitled to have a finding thereon which is clear, certain and unambiguous.

SAME.—*Attempt to Find on a Fact in Issue.*—*Uncertainty.*—If there be an attempt to find upon any issue or fact, and the finding falls short owing to the statement of legal conclusions and evidentiary matters, so as to render the verdict ambiguous or uncertain, then the motion for a *venire de novo* must prevail.

SAME.—*Cannot Be Granted as to Part Only.*—A *venire de novo,* if granted, must be granted as to all the issues, and not to part only.

REAL ESTATE.—*Conveyance.*—*Breach of Covenant of Seizin.*—*Burden of Proof.*—Where the grantor of real estate puts his grantee in possession with covenants of seizin, such covenants run with the land, and a remote grantee may enforce them against his remote grantor when he shows that he has yielded to a paramount title; but the burden of showing that such title was paramount, is upon the person disseized.

From the Boone Circuit Court.

*T. J. Terhune* and *H. P. New,* for appellant.

*S. R. Artman, J. L. Lewis* and *Abbott & Ratcliff,* for appellees.

LOTZ, J.—The appellant, as the executor of the will of James Nealis, deceased, filed his final report as such executor. The appellees, as the legatees and heirs at law of James Nealis, appeared and filed many exceptions to various items or credits claimed by him. By voucher No. 127 the executor claimed a credit of $533.73 paid to the clerk of the Boone Circuit Court to satisfy a judgment and decree in a cause wherein Minerva J. Shanefelter was plaintiff and William H. and Ella Stephenson were defendants. By voucher No. 128 he claimed a credit of $1,922.74 for his services as such executor; and by voucher No. 129 he claimed a credit of $200.00 paid his attorneys.

There does not seem to be any formal exception to voucher No. 127, but perhaps under the general supervisory powers given to the trial court in the settlement of estates of deceased persons it was its duty to ascertain the correctness of this item.

The exception to the item represented by voucher No. 128 assigned as a cause that the claim for services was excessive. The same exception was made to voucher No. 129.

The court, at the request of the parties, made a special finding of the facts and stated conclusions of law.

So much of the special finding as is necessary to determine this controversy is as follows:

"That in said final report, filed on the 31st day of January, 1894, said executor asked credit, as shown by vouchers Nos. 98 to 131, inclusive, in the sum of $6,101.91, leaving a balance of $418.35, which the said executor has paid to the clerk of the Boone Circuit Court for the benefit of the heirs and legatees herein, which the court finds to be correct, except vouchers 127, 128 and 129. The court finds that said voucher 127, for $533.73, was paid to satisfy a judgment and

decree of the Boone Circuit Court wherein Minerva J. Shanefelter was plaintiff and William H. and Ella Stephenson were defendants; that the estate of James Nealis was in no sense bound or liable for said amount to the said Minerva J. Shanefelter or any one else, and that said sum was wrongfully paid out of said estate by said executor; that by the exercise of ordinary diligence said executor could have ascertained that the estate of James Nealis was not liable for any amount in said litigation.

"The court further finds that voucher 128 in said final report for $1,922.74, the same being the personal services of the said executor, is in excess of the value of said executor's services in the sum of $422.74; that the value of the said executor's services in connection with said estate is $1,500.00.

"The court further finds voucher No. 129 in said final report for $200.00, paid to Terhune & New, attorneys at law, for legal services, is incorrect in this, that $100.00 of said amount was paid in the case of *Minerva J. Shanefelter* v. *William H. and Ella Stephenson*, in which said estate was not a party nor liable for any amount growing out of said cause, and by the exercise of ordinary diligence on the part of said executor he could have discovered the same.

That all the acts of said administrator in the management of said estate, including all compromises, claims, both in favor of and against said estate, were correct and for the best interest of said estate, and all exceptions and objections to said reports, inventories and sale bills are without foundation except as to vouchers 127, 128 and 129 in said final report."

The court stated its conclusions of law as follows:

"On the foregoing facts the court concludes the law to be that said executor is liable to said estate in the

sum of $533.73 wrongfully paid to the clerk of the Boone Circuit Court for the benefit of Minerva J. Shanefelter, as shown by voucher 127 of said executor's final report.

"That said executor is liable to said estate in the sum of $422.74, being the amount embraced in voucher 128 of said final report in excess of the value of his services as executor of said estate.

"That said executor is liable to said estate for the sum of $100.00 of the amounts embraced in voucher 129 of said final report, said amount being paid by said executor to Terhune & New as attorneys' fees in a case wherein said estate was not a party to said suit and not liable; making the total amount for which said executor is liable to said estate $1,056.47, in addition to the amount $418.35 now in the hands of the clerk of the Boone Circuit Court."

The appellant excepted to the conclusions of law, and has assigned as error in this court that the conclusions are erroneous.

The claims of the executor in his final report for credits against the estate are in the nature of separate complaints or allowances, and the exceptions to them or any one of them placed the burden on him, and he was required to establish the correctness of his report in respect to such matters as were embraced in the exceptions filed. *Hamlyn* v. *Nesbit, Admr.*, 37 Ind. 284. He is regarded as the plaintiff and the exceptors as the defendants. *Brownlee, Admr.*, v. *Hare*, 64 Ind 311.

The issue joined on the claims for credits and the exceptions thereto should be tried and determined, and the law applied, by the same rules that govern in the ordinary civil action arising out of claims filed against estates of deceased persons. The office of a special finding or verdict is to determine such facts embraced

within the issues as give rise to the legal conclusions. The facts found must be sufficient to set in operation the law and to support the judgment pronounced.    These facts are usually the ultimate facts, the proof as contradistinguished from the evidence.    Sometimes an ultimate fact contained in the verdict is a conclusion or inference from other facts, in which case the verdict should also find and set out the facts which give rise to the inference or conclusion.    *Barr, Admr.,* v. *Chicago, etc., R. R. Co.,* 10 Ind. App. 433.

If the verdict or finding contain irrelevant and foreign matter, such matter may be disregarded in stating the conclusions of law.    If, after eliminating all such matter, the facts remaining are sufficient to support the conclusions of law, the verdict or finding will not be deemed insufficient to support the judgment by reason of such foreign matter.    A conclusion of law cast among the facts or a fact cast among the conclusions of law cannot be considered for any purpose.    *Johnson* v. *Bucklen,* 9 Ind. App. 154 ; *Stalcup* v. *Dixon,* 136 Ind. 9.

It is also well settled that when the verdict or finding is silent upon a material fact or issue that such silence is equivalent to a finding against the party having the burden of such fact or issue.    *Graham* v. *State, ex rel.,* 66 Ind. 386.    The appellant was the plaintiff, and before he was entitled to a judgment he was required to produce a state of facts which would support the legal conclusions of his right to recover, or to the credits claimed.    The fact that the court may have stated some legal conclusions not warranted by the findings will not avail the appellant if the legal conclusions correctly drawn support the judgment.    If a finding will not support a judgment for the plaintiff, and the defendant has asked no affirmative relief under any issue, then the finding will support a judgment in favor of the defendant.    In

all such cases, if the verdict or finding will not support a judgment in favor of the plaintiff, it will support one in favor of the defendant. Tested by these rules, there was no available error committed by the court in stating the conclusions of law in view of the issues joined.

The appellant made a motion for a *venire de novo*, assigning as reasons therefor : (1) That the special findings do not cover and embrace all the issues. (2) That the findings are vague, uncertain and indefinite, and state conclusions of law instead of the facts proved by the evidence. (3) That the findings do not find or state the facts in respect to the claim paid to the clerk of the Boone Circuit Court for the benefit of Minerva J. Shanefelter, as shown by voucher 127 of the executor's final report, but that the finding in respect to said matter states conclusions of law only. (4) That the findings do not find or state the facts in respect to the item of $100.00 paid Terhune & New as attorneys' fees, as shown by voucher 129, but that the findings in respect to said matter state conclusions of law only. This motion was overruled, and this ruling is one of the errors assigned.

A motion for a *venire de novo* is a common law process still recognized by the courts of this State. It has some resemblance to a motion for a new trial in that they both accomplish the same result when successful; that is, they each secure a new trial. The scope of a *venire de novo* has been narrowed in some respects and enlarged in others by the adjudications in this State. It is awarded at common law when the verdict of the jury is ambiguous or uncertain, or on account of some irregularity or defect in the proceedings on the trial from which it appears that the proper effect of the first venire has been frustrated, as where the jury has been improperly chosen. It is only awarded in our practice

for formal defects in the verdict, such as ambiguity and uncertainty. Irregularities in impaneling the jury must be reached by a motion for a new trial. Its scope has been enlarged so that it applies to a finding made by the court as well as to the verdict of a jury. *Waterbury* v. *Miller*, 13 Ind. App. 197.

It reaches defects in a verdict or finding, that in some instances can be reached in no other manner. If conflicting evidence has been given upon an issue or material fact, and the verdict or finding in respect thereto is ambiguous or uncertain, the defect cannot be reached by a motion for a new trial. Ell. Gen. Prac., section 978. The ambiguity or uncertainty in a verdict or finding may arise from conclusions of law, evidence and evidentiary facts stated therein. Whilst it is true that such statements and conclusions may be disregarded in drawing the legal conclusions and in pronouncing judgment, still the party upon whom the burden of proof rests on any issue or any material ultimate fact is entitled to have a finding thereon that is clear, certain and unambiguous. *Cleveland, etc., R. W. Co.* v. *Asbury*, 120 Ind. 289. If a verdict or finding is silent upon any issue or material fact it may be said to be a clear and certain finding against such issue or fact; but if there be an attempt to find upon such issue or fact which falls short owing to the statement of legal conclusions and evidentiary matters such as to render the verdict ambiguous or uncertain, then the motion for a *venire de novo* must prevail and the verdict or finding go down before it. *Perkins* v. *Hayward*, 124 Ind. 445. It is true that some of the cases hold that granting or the refusal to grant a motion for a *venire de novo* is discretionary with the trial court, such discretion being subject to review for abuse only. *Shaw* v. *Merchants Nat'l Bank*, 60 Ind. 83. But the later, better considered, and more

logical, cases hold that in a proper case the motion must be granted, for it is the only process by which the defect can be reached in some instances. *Perkins* v. *Hayward, supra.*

The appellant asked for credits in his report, as shown by vouchers 127, 128 and 129. These claims were separate and distinct; as much so as if they had been stated in different paragraphs of complaint. Separate and distinct issues were formed thereon. It is true that the burden of proof thereon was upon him, but he was entitled to a finding thereon. Had the finding been silent in respect thereto, then it would be construed as a finding against him. The finding is not silent; there was an attempt to determine the issues joined on these items. This attempt, in so far as voucher 127 is concerned, culminated in stating certain legal conclusions without finding the facts necessary to determine the issue or for drawing the legal conclusions. It is true that if it appear from the whole record that substantial justice has been done by the judgment rendered, then no intervening error will avail in securing a reversal. But the mere fact that the executor was not a party to the action brought by Shanefelter against the Stephensons does not support the legal inference that the estate was not liable. There was evidence given on the trial which tended to prove that the executor's decedent had executed a deed to certain real estate with covenants of seizin; that suit was instituted against the Stephensons, who were remote grantees in possession; that a trial was had and a finding made showing that Shanefelter was the owner of an undivided one-third part of the realty; that the Stephensons, as occupying claimants, had paid taxes and made improvements. The court rendered judgment and ordered that Shanefelter pay to the Stephensons a given sum of money within a

fixed time, and that her title be thereafter quieted to the one-third part; that upon the failure of Shanefelter to pay the sum fixed, the Stephensons should then pay to Shanefelter a given sum and thereafter have their title quieted as to the whole. Shanefelter failed to pay within the time fixed, and the executor then paid to the clerk of the court the sum named in voucher 127 in discharge of the judgment against the Stephensons. It also appeared that the deceased was the first grantor dating from the infirmity in the title. It is a familiar principle that when the grantor of real estate puts his grantee in possession with covenants of seizin, such covenants run with the land, and a remote grantee may enforce them against his remote grantor upon failure and eviction. It is not necessary to show that a remote covenantor be notified and required to defend when suit is instituted against a more immediate grantor. The grantee may enforce the covenant when he shows that he has yielded to a paramount title, but when he does this the burden of showing that it was paramount is upon him. *Bever* v. *North,* 107 Ind. 544; *McClure* v. *McClure,* 65 Ind. 482; *Craig* v. *Donovan,* 63 Ind. 513. It is true that in such cases the grantee cannot recover more than nominal damages upon a breach until there has been an actual eviction. To establish liability upon the covenant all the material facts should be found and stated in the finding. Whether the judgment rendered was equivalent to an eviction we need not now determine. It is sufficient to say that no strained or technical rule should be applied to defeat a just claim in settling the estate of a deceased person. If the breach occurred before a final settlement, then it was a proper claim against the estate. If it occurred afterward, then the heirs and legatees

would be liable to the extent of property received by them. Section 2597, R. S. 1894 ; section 2442, R. S. 1881.

Whilst the statute contemplates that claims should be filed and allowed before being paid, still if the administrator or executor has paid a just and valid claim he is entitled to credit therefor. This rule extends even to an administrator *de son tort.* *Leach, Exr.,* v. *Prebster,* 35 Ind. 415 ; *Reagan* v. *Long's Admx.,* 21 Ind. 264. The estate may or may not have been ultimately liable on the breach of the covenant. The legal conclusion of liability, or want of liability, cannot be drawn unless all the material facts established by the evidence be stated in the finding. If the estate was justly liable for the debt, the executor should have his credit although the manner in which it was adjusted was informal. The finding with reference to voucher 127 is indefinite and uncertain, and the motion for a *venire de novo* should have been sustained.

It is unnecessary to inquire as to the sufficiency of the findings relating to vouchers 128 and 129, for sustaining a motion for a *venire de novo* has the same effect as granting a new trial, and a new trial when granted extends to all the issues; it cannot be granted as to a part only. *State, ex rel.,* v. *Templin,* 122 Ind. 235.

Judgment reversed, with instructions to sustain the motion for a *venire de novo.*

Ross, J., concurs in the result, but not in that part of the opinion holding that a special finding or special verdict should contain anything except the ultimate facts.

Filed September 20, 1895.