## SPRAY *v.* BERTRAM, ADMINISTRATOR, ET AL.

### [No. 20,635.    Filed May 23, 1905.]

1.  PLEADING.—*Decedents' Estates.—Report.—Exceptions.*—The report of an administrator stands as a complaint in the probate court, and the exceptions thereto constitute an answer, and the cause is heard on such issue.    p. 15.
2.  SAME.—*Non Est Factum.—Trial.*—Where the exceptions to the final report are in the nature of a confession and avoidance, the basis of which was an alleged mutual agreement of the heirs, and the decree is that the exceptions be overruled, the presumption on appeal in the absence of the evidence must be that the trial court found against the execution of such alleged agreement, since by statute it is not necessary for an administrator to plead *non est factum*, the burden being upon the exceptors to establish the execution of the alleged agreement.    p. 15.
3.  DECEDENTS' ESTATES.—*Final Settlement.—Objections on Appeal.*—Where objection is made on appeal that the probate court made an allowance of too great an amount to a claimant, but the evidence is not in the record and no exception to such report on account of such overpayment was made below, the presumption is that the court heard evidence on such amount and that such evidence warranted the decree.    p. 15.

From Jackson Circuit Court; *Thomas B. Buskirk,* Judge.

Final report by Joseph Bertram as administrator of the estate of Bernhardt Lahrman, deceased, to which Elizabeth Spray and others except.    From a decree overruling such exceptions, Elizabeth Spray appeals.    Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.    *Affirmed.*

*Branaman & Branaman* and *William H. Endebrook,* for appellant.

*Long & Long* and *J. F. Applewhite,* for appellee, Bertram.

GILLETT, J.—Upon the filing of the final settlement report of Joseph Bertram as administrator of the estate of

Bernhardt Lahrman, deceased, appellant and two others, of the next of kin of said decedent, filed an exception to the current and final reports of said administrator. The exception challenged the propriety of the action of the administrator in making distribution on the basis of charging exceptors with certain advancements made to them respectively, and as a reason for their objection they alleged that a written contract existed between all of the next of kin, relative to the distribution of the personalty of said estate, which it was claimed rendered it improper to consider such advancements. It appears from the record that the exception was submitted to the court for trial, and that, after hearing the evidence, the cause was taken under advisement. It further appears from the transcript, by an entry dated some three months after the trial, that the court, "being now sufficiently advised upon the evidence, finds for the administrator that the exceptions heretofore filed to the final report in said estate should be, and they now are, overruled." By a subsequent order it is shown that proof of notice of final settlement was made, and that the court, "after having heard all the evidence and proofs to be adduced in the heirship of said estate," found that the advancements mentioned in the administrator's reports had been made as set forth therein, and ordered the amount paid in by the administrator distributed as recommended in his final report. The exceptors filed a motion for a new trial, which was overruled.

Appellant assigns as errors of the trial court that it approved each of said administrator's reports; that it overruled the exception to said reports, and that it overruled the motion for a new trial. The evidence has not been brought into the record by a bill of exceptions, and, aside from setting out in the transcript a copy of the alleged agreement of the next of kin, there has not been the slightest attempt to get before us the evidence which was heard by the court.

The report of an administrator and an exception thereto

stand as the complaint and answer of the respective parties, and the cause is to be tried upon the issue thus raised. *Johnson* v. *Central Trust Co.* (1903), 159 Ind. 605; *Brownlee* v. *Hare* (1878), 64 Ind. 311; *Wysong* v. *Nealis* (1895), 13 Ind. App. 165; *In re Hart* (1891), 60 Hun 516, 15 N. Y. Supp. 239; *In re Heuser* (1895), 87 Hun 262, 33 N. Y. Supp. 831.

The exception in this case was in the nature of a plea in confession and avoidance. The matter of avoidance was the alleged special agreement. The administrator was not required to file a plea of *non est factum* to put the exceptors to their proof as to the existence of such a contract. As it appears that they failed after a hearing of the evidence, and as the action of the court in overruling the exception may have been based on the evidence, and not on a determination, as a question of law, that the alleged agreement did not constitute matter in avoidance, we must presume, in the absence of the evidence, if necessary to support the result, that the action of the court was based on the failure to establish the existence of the agreement. In view of the record, we decline to pass on the legal effect of the contract pleaded.

Appellant further urges that the court below erred in allowing credit to the administrator for payments to John Lahrman aggregating $2,100, instead of for $1,800, as a demand against said estate. In other words, it is claimed that there was an overpayment of $300 to him. The items of the current reports relative to payments to John Lahrman give color to appellant's insistence, but there is not enough set out concerning them to enable us to say that they were all on account of a single demand of $1,800. The last item of $300 paid to John Lahrman appears, according to the second current report, to have been "allowed as per agreement of heirs." It was not made the subject of an exception, and the vouchers which purport to evidence the payments are not in the record. We are bound

· to presume that the court allowed this $300 item after due inquiry, and as there is not enough on the face of the record necessarily to show that the amount was paid on an extinguished demand, we must presume in favor of the action of the court below—a presumption which is strengthened by the omission to make the action of the administrator in respect to this claim of an excessive payment a ground of exception.

Judgment affirmed.

Montgomery, J., did not participate.