UNION BUILDING LOAN FUND AND SAVINGS ASSO-
CIATION *v.* BLOCK.

[No. 11,320. Filed May 10, 1922. Rehearing denied October 6,
1922.]

APPEAL.—*Presenting Questions for Review.*—*Ruling on Excep-
tions to Report of Commissioner in Partition.*—On appeal from
an adverse judgment on exceptions to the financial report of
a commissioner in a partition proceeding, where the error as-
signed was that the court erred in overruling the exceptions
of appellant, no question is presented for review on appeal
where appellant failed to request the trial court to make a
special finding of facts and state its conclusions of law thereon,
and filed no motion for a new trial questioning the sufficiency
of the evidence to sustain the judgment.

From Dearborn Circuit Court; *Charles A. Lowe,*
Judge.

Action for partition by Richard Block against the
Union Building Loan Fund and Savings Association and
others, in which L. E. Davies was appointed commis-
sioner to sell the property. From a judgment for the
commissioner on exceptions by defendant association to
his financial report, that defendant appeals. *Affirmed.*

*McMullen & McMullen,* for appellant.

*Llewellyn E. Davies* and *Martin J. Given,* for appel-
lee.

ENLOE, J.—The original cause in this matter was an
action for partition of real estate, in which the appellee
herein was plaintiff, and the appellant and others were
defendants, and which was commenced in the Dearborn
Circuit Court April 27, 1917. Such proceedings were
thereafter had in said cause that at the May term 1920,
of said court said cause was submitted to the court for
trial, finding, judgment and decree. The court found
said premises to be indivisible and ordered said prop-
erty to be appraised and sold at public auction, after due
notice should be given as to the time, terms and place

of said sale, and appointed one L. E. Davies as commissioner to make said sale. The said Davies at once qualified as such commissioner by executing his bond to the approval of the court and entering upon his duties. Thereafter he sold said property at public auction, which sale was by the court approved. Thereafter said commissioner filed his financial report as such commissioner and asked that the same be approved and that he be discharged from his said trust. In said financial report, among other items of expense was one for $210 attorneys' fees paid to Messrs. Givan and Davies for their services as attorneys; to this financial report the appellant filed exceptions, (1) as to said item of attorneys' fees, and (2) because said commissioner had failed to charge himself with interest on the moneys received from said sale. The issues made by said report and exceptions thereto were submitted to the court for trial. Evidence was introduced, witnesses heard and the cause taken under advisement. Thereafter at the October term 1920, of said court, the court found in favor of said commissioner and overruled said exceptions, to which action of the court the appellants excepted. At the time said exceptions were overruled the appellant asked for thirty days time in which to file its appeal bond and ninety days time in which to prepare and file its general bill of exceptions. The appeal bond and bill of exceptions were thereafter duly filed and this appeal prosecuted.

The error assigned is, "The court erred in overruling the exceptions of appellant, the Union Building Loan Fund and Savings Association, to the final report of the commissioner herein."

The appellant did not request the trial court to make a special finding of the facts and state its conclusions of law thereon as might have been done. *Swift, Admr., v. Harley* (1898), 20 Ind. App. 614, 49 N. E. 1069; *Tay-*

*lor* v. *McGrew* (1902), 29 Ind. App. 324, 64 N. E. 651. Neither did appellant file any motion for a new trial and thus question the sufficiency of the evidence to sustain the decision of the court. *Spray* v. *Bertram, Admr.* (1905), 165 Ind. 13, 74 N. E. 502.

In this condition of the record no question is presented for our determination. The judgment is affirmed.