EBLE ET AL. v. MILES, ADMINISTRATOR.

[No. 11,453. Filed March 15, 1923.]

1. EXECUTORS AND ADMINISTRATORS.—*Administrator's Report.—Exceptions.—Issues.*—The issues raised by an administrator's report and exceptions thereto are issues of fact, to be tried and determined by the same rules which govern in ordinary civil actions arising out of claims filed against estates. p. 402.

2. EXECUTORS AND ADMINISTRATORS.—*Administrator's Report.—Exceptions.—Appeal.—Review.—Evidence.—Sufficiency.—Failure to File Motion for New Trial.*—Where issues of fact are raised by filing exceptions to an administrator's final report, no question can be presented on appeal relating to the sufficiency of the evidence to support the decision of the court, in the absence of a motion for new trial. p. 402.

3. EXECUTORS AND ADMINISTRATORS.—*Administrator's Report.—Approval.—Appeal.—Absence of Evidence from Record.—Presumptions.*—An appeal from a judgment approving an administrator's final report, in which appellant contended that the judgment is not sustained by sufficient evidence and is contrary to law, the court on appeal will presume that there was sufficient evidence to support the court's finding, where no motion for new trial was filed and the evidence is not in the record. p. 402.

From Jennings Circuit Court; *John R. Carney,* Judge.

John Eble and others filed exceptions to the final report of Charles W. Miles, administrator. From a judgment approving the report and discharging the administrator, the plaintiffs appeal. *Affirmed.*

*Thomas E. Glascock,* for appellants.

*W. S. Mathews* and *George H. Batchelor,* for appellee.

McMAHAN, J.—Appellants filed exceptions to the final report of appellee. After a hearing the court found that the matters and facts as stated in the administrator's report were true, that the same should be approved, and the administrator discharged.

The court found against appellants "that the matters and things averred and set out in their exceptions here-

VOL. 79—26

in are not true." Appellants excepted to the finding
for the reasons that it was not sustained by sufficient
evidence and was contrary to law. After rendition of
judgment appellants excepted to the judgment for the
same reasons. Without filing a motion for a new trial
and without bringing the evidence into the record, ap-
pellants appeal and assign as error the action of the
court in overruling their exceptions for the reasons:
(1) that the verdict, "finding and decree" is not sus-
tained by sufficient evidence and is contrary to law;
(2) "that the verdict, finding and decision" is not sus-
tained by sufficient evidence and is contrary to law.

The issues raised by the administrator's report and
appellants' exceptions were issues of fact, to be tried
and determined by the same rules as govern in
1. ordinary civil actions arising out of claims filed
against estates. *Wysong, Exr.*, v. *Nealis* (1895),
13 Ind. App. 165, 41 N. E. 388.

Where issues of fact are raised by filing exceptions to
an administrator's final report, no question can be pre-
sented on appeal relating to the sufficiency of the
2. evidence to support the decision of the court, in
the absence of a motion for a new trial.

Under the record as it comes to us we must presume
there was evidence to support the finding of the court.
*Spray* v. *Bertram* (1905), 165 Ind. 13, 74 N. E.
3. 502; *Union Bldg., etc., Assn.* v. *Block* (1922), 78
Ind. App. 563, 135 N. E. 351; *Taylor* v. *McGrew*
(1902), 29 Ind. App. 324, 64 N. E. 651; *Swift, Admr.*
v. *Harley* (1898), 20 Ind. App. 614, 49 N. E. 1069.

No question being presented for our determination,
the judgment is affirmed.

Nichols, C. J., not participating.