## TAYLOR *v.* McGREW, EXECUTRIX.

[No. 3,802.   Filed June 18, 1902.]

EXECUTORS AND ADMINISTRATORS.—*Exception to Report.—Trial.— Special Finding.*—The court may make a special finding of facts and conclusions of law in the trial of exceptions to an administrator or executor's report as provided by §560 Burns 1901.   *p. 325.*

JUDGMENT.—*Limitation of Actions.— Executors and Administrators.*—A judgment debtor took real estate as residuary legatee of his mother's will in 1893, but her estate was not settled until 1899 and the real estate was sold to pay specific legacies.   The judgment debtor died in 1894 and letters of administration were issued on his estate within ten days.   The court found as a fact that the judgment creditors were not prevented from enforcing their judgments by injunction, appeal, or agreement of parties.   *Held,* that the judgments ceased to be a lien on the proceeds of the sale of the real estate, under §§617, 633 Burns 1901, after eleven years from the date of their rendition.   *pp. 325, 328.*

From Huntington Circuit Court; *J. W. Adair*, Special Judge.

Exceptions by Enos T. Taylor to the final report of Elizabeth McGrew, executrix of the estate of Robert N. Holt, deceased.   From a judgment directing the application of the funds to the payment of certain judgments in preference to a mortgage, exceptor appeals.   *Reversed.*

*M. L. Spencer*, *W. A. Branyan* and *H. B. Spencer*, for appellant.

*R. A. Kaufman*, *J. B. Kenner* and *U. S. Lesh*, for appellees.

ROBINSON, J.—Anna M. Holt died testate July 30, 1893, leaving a personal estate of about $5,000, and certain lands, and, after making certain specific bequests, left the residue of her estate to her son Robert N. Holt.   A large number of judgments were taken against Robert N. Holt, some prior and some subsequent to the death of Anna M. Holt, the holders of which judgments were not prevented from enforc-

Taylor v. McGrew.

ing the same by injunction or appeal therefrom, or by any agreement of the parties entered of record. On April 17, 1894, Robert N. Holt executed a mortgage upon his residuary interest in the real estate, which mortgage was assigned to appellant. Robert N. Holt died testate August 26, 1894, and Elizabeth McGrew qualified as executrix. In the administration of the estate of Anna M. Holt, her executor, in October, 1897, sold the real estate to pay debts and legacies, her personal estate being insufficient for that purpose, and after the payment of debts and legacies and costs and expenses of administration, there remained of the proceeds from the sale of the real estate a named sum, which was, on June 19, 1899, paid to the clerk of the court, and was, by order of court, paid to the executrix of Robert N. Holt's estate, which sum was the only property that came into her hands as executrix. In September, 1899, the estate of Robert N. Holt was ordered settled as insolvent. The court found that the above judgments were due and owing the parties indicated, and that there is due appellant a sum named on the mortgage. The only question presented is the action of the court in directing the application of the fund to the payment of certain of these judgments which antedated appellant's mortgage.

In the trial of exceptions to an administrator's or executor's report, the court may make a special finding of the facts, and state its conclusions of law thereon, as provided by §560 Burns 1901. *Swift* v. *Harley,* 20 Ind. App. 614; *Taylor* v. *Wright,* 93 Ind. 121.

The judgments against Robert N. Holt were taken before justices of the peace, and transcripts filed in the office of the clerk of the circuit court. It is not clear from the findings what dates these judgments bear, and as each became a lien from the date of the filing of the transcript, and as the duration of the lien of each dates from its rendition (*Mahoney* v. *Neff,* 124 Ind. 380; *Brown* v. *Wuskoff,* 118 Ind. 569), the condition of the record might lead to some uncertainty

but for the statement of appellant's counsel in their brief that "it may be assumed that the date of filing is the date the judgments were rendered." The judgments given preference are dated September 15, 1884; July 2, 1885; January 18, 1886; April 28, 1886; August 21, 1886; September 29, 1887; July 9, 1888; October 7, 1889; October 22, 1889; January 18, 1893, and January 20, 1893. These judgments absorbed the whole of the fund which was paid to the executrix of Robert N. Holt's estate.

The statute provides that a judgment shall be a lien for ten years from the rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction, or by the death of the defendant, or by agreement of the parties entered of record. §617 Burns 1901. Section 633 Burns 1901 provides that in case of the death of any judgment debtor, his heirs, devises, or legatees, or personal representatives, may, after the expiration of one year from the time of granting letters testamentary or of administration, be summoned to show cause why the judgment should not be enforced against the estate of the judgment debtor in their hands. Section 2484 Burns 1901 fixes the time at which proceedings may be instituted to enforce the lien of a judgment *upon real estate,* or decree specifically directing the sale of such real estate at one year from the death of the decedent.

No authority for making a judgment a lien on land can be found in the common law. A judgment lien is a creature of the statute, and its duration is fixed. A court has no authority to extend the life of the lien beyond the term fixed by the legislature. *Wells* v. *Bower,* 126 Ind. 115, 22 Am. St. 570; *Brown* v. *Wuskoff,* 118 Ind. 569; *Shanklin* v. *Sims,* 110 Ind. 143. Although a suit may be brought to enforce a judgment lien before it expires, yet, if it expires during the pendency of the suit, it can not be enforced

against an inferior lien. *McAfee* v. *Reynolds,* 130 Ind. 33, 18 L. R. A. 211, 30 Am. St. 194.

Upon the death of Anna M. Holt the title to the residuary part of her estate, after the payment of debts and specific bequests, vested in Robert N. Holt. He might mortgage his interest, and thus create a lien upon it, subject to be devested by the executor if necessary to the execution of the will. All judgments taken against the son prior to the mother's death became liens at her death, if taken within the statutory limitation, and all such judgments were equal liens. The judgments having become liens upon the son's interest in the land, when the land was sold by the executor of the mother's estate, these judgment liens were transferred to the proceeds of the sale in the hands of the executor. *Ballenger* v. *Drook,* 101 Ind. 172; *Simonds* v. *Harris,* 92 Ind. 505; *Campbell* v. *Martin,* 87 Ind. 577.

In *Koons* v. *Mellett,* 121 Ind. 585, 17 L. R. A. 231, it is held that a judgment obtained against the devisee of real estate which is sold by the administrator with the will annexed, pursuant to the terms of the will, became a lien on the land and followed the proceeds of the sale into the hands of the administrator, and bound such proceeds "to the same extent it bound the land." See, also, *Clapp* v. *Hadley,* 141 Ind. 28, 50 Am. St. 308.

Until the death of Anna M. Holt the son had no estate to which these judgment liens could attach, and the liens that then attached were subject to be devested by a sale of the property by her executor. So that until the provisions of her will had been complied with, and there was a final settlement of her estate, it could not be known what estate, if any, the son had. So far as appears, her estate was settled by due course of administration, and the residuary part paid to the clerk of the circuit court in June, 1899. The court found as a fact that these judgment creditors were not prevented from enforcing their judgments by in-

junction, or appeal, or agreement of parties. Nor were they restrained from proceeding on their judgments prior to the death of Robert N. Holt, August 26, 1894, *by the death of the defendant.* The statute contains no provision from which it can be said that the judgment creditor is restrained from proceeding upon his judgment by the death of the testator of a residuary devisee who is the judgment defendant. So that the running of the statutory period of ten years was not suspended prior to August 26, 1894. The statute fixes the life of the lien at a certain period unless the judgment creditor is restrained from proceeding on his judgment in some manner designated in the statute. The legislature has fixed the life of all judgment liens at ten years and "no longer," exclusive of certain designated periods of time. We are not authorized to suspend the running of the time during any period not designated by the statute.

The judgment debtor died August 26, 1894, and "within ten days thereafter" letters testamentary were granted upon his estate, or not later than the 5th day of September, 1894. For the year following the judgment debtor's death, these judgment creditors were restrained from proceeding on their judgments *by the death of the defendant.* Except during this period, they had the power to proceed upon their judgments, and if there was any delay it must be held to have been voluntary. As they had the power to act, it can not be said that they were restrained from acting. When they were ordered paid it was because of the lien created by the statute, and at that time more than ten years had expired since the rendition of some of them, exclusive of the time which the creditor had been restrained from proceeding thereon. See *Jones v. Detchon,* 91 Ind. 154.

As some of the judgments directed paid were taken more than ten years before the court's order, exclusive of any period mentioned in the statute, it follows that the court's conclusions of law are erroneous. But as there is some

doubt as to the dates of some of these judgments, we think the interests of justice will be best subserved by directing a new trial, and it is so ordered.

Judgment reversed.