362 N.E.2d 1163 (1977)
Sivilla UHRICH, Appellant,
v.
F. Jay UHRICH, Appellee.
No. 3-476A105.
Court of Appeals of Indiana, Third District.
May 23, 1977.
Rehearing Denied July 21, 1977.
Kenneth M. Waterman of Parker, Hoover, Keller & Waterman, Fort Wayne, for appellant.
Stephen D. Long, Kennerk, Dumas, Burke & Backs, Fort Wayne, for appellee.
*1164 GARRARD, Judge.
The parties to this appeal were formerly husband and wife. In 1969 they were divorced and the wife was awarded an alimony judgment of $40,500 payable in 122 consecutive monthly installments commencing in July 1969. No provision was made in the decree establishing the alimony award as a lien on husband's real estate despite the existence at that time of IC 1971, XX-X-XX-XX, which provided,
"Said judgment ... shall not be such a lien to the extent that it is payable in the future unless and to the extent such decree so provides expressly."
Wife commenced the present action in 1975 seeking to have the unpaid balance of the alimony award declared a lien on husband's real estate. It is her contention that when IC 1971, XX-X-XX-XX was repealed in 1973 by the dissolution of marriage act, IC 1971, 31-1-11.5-1 et seq., the general statute relating to judgment liens entitled her to her request. From the evidence the trial court discovered there was no amount due and owing by the husband at the time, although payments would become due in the future. On this basis it found the wife was not entitled to a lien for the unpaid balance and entered judgment for the husband.
IC 1971, XX-X-XX-X provides:
"All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction sitting in the state of Indiana, whether state or federal, shall be a lien upon real estate and chattels real liable to execution in the county where, and only where, such judgment has been duly entered and indexed in the judgment docket as provided by law, from and after the time the same shall have been so entered and indexed, and until the expiration of ten [10] years from the rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction or by the death of the defendant, or by agreement of the parties entered of record."
Wife's argument fatally misconceives the general law applicable to such statutes.
A judgment lien is purely statutory in Indiana. See, e.g., In re Webb (1958), 160 F. Supp. 544; Taylor v. McGrew (1902), 29 Ind. App. 324, 64 N.E. 651.
For a money judgment to constitute a lien under such a statute, it must ordinarily be a final judgment for the payment of a definite and certain amount of money which may be collected by execution on property of the judgment debtor. See, 49 C.J.S. Judgments Section 458; 46 Am.Jur.2d, Judgments, Section 242; 17 I.L.E., Judgments, Section 462; Anno.: 59 A.L.R.2d 656.
Thus, while based primarily upon the court's power for future modification, our decisions have recognized that an award for child support in futuro as part of a divorce decree does not create a lien under the statute. Myler v. Myler (1965), 137 Ind. App. 605, 210 N.E.2d 446.
While the alimony judgment in question was for a gross sum, it was not then due and payable and subject to execution.[1]Cf. Owens v. Owens (1976), Ind. App., 354 N.E.2d 350. It therefore did not create a judgment lien under IC 1971, XX-X-XX-X.
IC 1971, XX-X-XX-XX provided an additional judgment lien for alimony judgments payable in the future if the divorce decree expressly so provided. The repeal of that section could not therefore create a lien not otherwise provided by statute.[2] The trial court ruled correctly.
Affirmed.
*1165 HOFFMAN, J., concurs.
STATON, P.J., dissents and files separate opinion.
STATON, Presiding Judge, dissenting.
I dissent. The majority opinion's rationale is based upon the immediate execution characteristic of final judgments. It reasons that no amount of money is actually due under the judgment, therefore, the judgment is not a final judgment that can become a lien. I disagree.
Any judgment rendered can provide for payments to be made in the future or periodically. This future payment characteristic is common to alimony judgments, but it is not an exclusive alimony provision. Many agreed judgments in the settlement of disputes have made similar provisions. Furthermore, the rationale of the majority leaves the judgment of the court vulnerable to becoming a nullity or a useless determination if the judgment can never become a lien until the execution characteristic comes into full bloom. Then, there may be no assets available for execution. Judgment lienholders who obtained their judgments much later may have already executed against all available assets.
Judgments can be assigned in exchange for an agreed upon sum of money. If the alimony judgment is not a lien, its negotiability is adversely affected. It becomes almost worthless in most cases as an assignable judgment. After the repeal of IC 1971, XX-X-XX-XX, the Indiana Legislature did not expressly provide in any substitute legislation that an alimony judgment "... shall not be such a lien to the extent that it is payable in the future unless and to the extent such decree so provides expressly." The Legislature's failure to make such a provision is a clear expression of policy that alimony judgments should be treated as any other judgment. The alimony judgment can become a lien even though the payments are due in the future.
A valid alimony judgment which is due in the future may be allowed as a valid claim against an estate and "... payment may be made as in the case of an absolute claim which has been allowed: ..." IC 1971, XX-X-XX-X. The present value of an alimony judgment may be drastically affected if the alimony judgment is not a lien. Final, non-alimony judgments rendered months and years later may serve to defeat any recovery by the alimony judgment holder.
Another difficulty with the "execution" rationale of the majority opinion is that when future payments become due and unpaid, the distinction between alimony judgments and other final judgments evaporates. A sum of money is now due under the alimony judgment upon which an execution can be had. If the alimony judgment is not a lien, an alimony judgment holder would be forced to obtain an execution on available and discoverable assets everytime a payment became due and unpaid to protect the judgment.[1] If the alimony judgment provided for several hundred future payments and each payment had to be executed upon to protect the interest of the alimony judgment holder, an insufferable hardship would be placed upon the judgment holder as well as the judicial system which would have to process the repetitive executions.
*1166 I would hold that an alimony judgment is a lien, and I would reverse the judgment of the trial court.
NOTES
[1] Had there been payments due and owing so as to entitle the wife to execution, a different question would be presented. Also compare, e.g., the probate code, IC 1971, XX-X-XX-X, which permits the court in decedents' estates to determine the present value of a claim which will become due in the future.
[2] We do not here consider whether such a lien may be expressly created under the Marriage Dissolution Act.
[1] If the alimony judgment holder must enter his judgment lien every time that the amount under the judgment becomes due, he will have the onerous task of entering a judgment lien several hundred times. This would raise too the question of having the alimony judgment defeated by intervening judgment lienholders.

There are some practical problems which would surface if the alimony judgment is not a lien. One practical problem is the situation where an alimony judgment is agreed upon which incorporates support payments for the children. How does the alimony judgment holder secure the support payments for the children when it is apparent that the judgment debtor husband is spending himself into bankruptcy? Another practical problem that may appear is at the trial court level. The parties as well as the trial court may choose to force the liquidation of assets to assure an equitable division of property. The forced liquidation of assets may not serve the parties or their families well where the selling market is unfavorable.