The **STREAM POLLUTION CONTROL BOARD of the State of Indiana,** Appellant (Defendant Below),

v.

**AMAX, INC. (through AMAX Coal Company, a division),** Appellee (Plaintiff Below).

No. 1–684A152.

Court of Appeals of Indiana, First District.

March 25, 1985.

Linley E. Pearson, Atty. Gen. of Indiana, Brenda Franklin Rodeheffer, Deputy Atty. Gen., Indianapolis, for appellant.

Wayne E. Gresham, Asst. Gen. Counsel, G. Daniel Kelley, Barton T. Sprunger, Lisa Stone Sciscoe, Ice, Miller, Donadio & Ryan, Indianapolis, for appellee.

ROBERTSON, Judge.

The Stream Pollution Control Board (SPCB) seeks review of the summary judgment rendered in favor of appellee Amax, Inc.'s (AMAX) two consolidated claims requesting total property tax exemptions of business personal property as an industrial

waste control facility. See, IND.CODE 6–1.1–10–9.[1]

We affirm.

Restated SPCB essentially raises two issues:

1. Whether the trial court correctly concluded that the SPCB must hold a hearing prior to making any valid administrative determination under IND.CODE 6–1.1–10–10(c) concerning exemptions claimed by AMAX pursuant to IND. CODE 6–1.1–10–9.

2. Whether the trial court correctly concluded that AMAX is entitled to the exemptions as claimed for 1982 and 1983 due to the SPCB's failure to timely certify any valid determinations concerning such claims.

Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Pike County v. State ex rel. Hardin,* (1984) Ind.App., 469 N.E.2d 1188; Ind. Rules of Procedure, Trial Rule 56(C). A review of the petition and affidavit filed on behalf of AMAX and the Answer filed by the SPCB shows that there is no genuine issue of material fact with respect to AMAX's filing of the exemption claims for 1982 and 1983 or as to the procedures followed by the SPCB in purporting to deny such claims.

Our review of the record uncovers no error in the trial court's findings of fact. These facts clearly provide that AMAX is a corporation duly admitted to transact business in the State of Indiana and was on March 1 of the respective years 1982 and 1983, the owner of certain business personal property located in Cass Township and Hamilton Township, Sullivan County, Indiana. Pursuant to the applicable laws and to the regulations of the State Board of Tax Commissioners, the Petitioner timely filed business tangible personal property returns for 1982 and 1983 with the Township Assessors for Cass Township and Hamilton Township, Sullivan County, Indiana. As attachments to such returns, AMAX filed forms 103–P for industrial waste control facilities claimed to be exempt from assessment by the State of Indiana under I.C. 6–1.1–10–9, claiming an exemption from assessment for property having a cost of three hundred ninety-nine thousand nine hundred sixty-nine dollars ($399,969) from the property subject to assessment in Cass Township, Sullivan County, Indiana on March 1, 1982, and of one million four hundred eighty-nine thousand eight hundred eighty-one dollars ($1,489,881) from the property subject to assessment in Cass Township, Sullivan County, Indiana on March 1, 1983. The property cost for the exemptions claimed on the property subject to assessment in Hamilton Township, Sullivan County on March 1, 1982, was six million one hundred seventy-six thousand seven hundred sixty-five dollars ($6,176,765) and on March 1, 1983, the cost of the property was six million one hundred two thousand seven hundred forty-nine dollars ($6,102,749). AMAX forwarded copies of such exemption claims to the SPCB on May 13 of the respective years 1982 and 1983. The SPCB is an administrative board of the State of Indiana created by IND.CODE 13–1–3–1 *et seq.* with the authority under IND.CODE 6–1.1–10–10 to investigate exemption claims made pursuant to IND.CODE 6–1.1–10–9 and to

---

1. 6–1.1–10–9. Industrial waste control facility—Prerequisites for exemption.—(a) For purposes of this section, the term "industrial waste control facility" means personal property which is:

(1) Either included as a part of or an adjunct to a privately owned manufacturing or industrial plant; and

(2) Used predominantly to prevent, control, reduce, or eliminate pollution of a stream or a public body of water located within or adjoining this state by treating, pretreating, stabilizing, isolating, collecting, holding, controlling, or disposing of waste or contaminants generated by the plant.

(b) An industrial waste control facility is exempt from property taxation if it is not used in the production of property for sale.

make determinations concerning such claims.

On August 11, 1982, Mr. Earl Bohner, Technical Secretary for the SPCB issued letters addressed to Orval Reynolds, Cass Township Trustee, and to David McCulloch, Hamilton Township Assessor purporting to disallow the exemptions claimed by AMAX for 1983 for certain equipment located in Cass and Hamilton Townships, Sullivan, County, Indiana.

■ The SPCB is an administrative board created by statute and charged with the responsibility of controlling and preventing the pollution of waters of this state with deleterious substances. Incidental to its duties and responsibilities, the Board is empowered and required to hold hearings, subject to the Administrative Adjudication Act. *Indiana Stream Pollution Control Board v. U.S. Steel Corp.*, (1974) 262 Ind. 199, 313 N.E.2d 693.

IND.CODE 6-1.1-10-10(a) provides that the owner of an industrial waste control facility who wishes to obtain the exemption provided in I.C. 6-1.1-10-9 shall file an exemption claim with the assessor of the township in which the property is located when he files his annual personal property return. The claim shall describe and state the assessed value of the property for which an exemption is claimed. IND. CODE 6-1.1-10-10(c) provides that SPCB may investigate any claim. The SPCB may also determine if the property for which the exemption is claimed is being utilized as an industrial waste control facility. Within ninety (90) days after a claim is mailed to the SPCB, the SPCB may certify its written determination to the township assessor with whom the claim was filed.

As is apparent, the foregoing is silent as to the procedure to be followed in reaching its determination. However, the Administrative Adjudication Act, (AAA), IND. CODE 4-22-1-3 requires that every administrative adjudication in which the rights, duties, obligations, privileges or other legal relations are required or authorized by statute to be determined by any agency the same shall be made in accordance with this act and not otherwise.

For purposes of the AAA, "agency" is defined to include *inter alia* any officer, board, commission of the State of Indiana other than, *inter alia*, the State Board of Tax Commissioners of Indiana. IND. CODE 4-22-1-2. SPCB provides no authority to convince us that it acted as an agent of the State Board of Tax Commissioners and thus, itself exempt from the requirements of the AAA. Rather, the only authority under which the SPCB could and did act was I.C. 6-1.1-10-10, which describes the determination of what is and is not an industrial waste control facility as the responsibility of the SPCB, not the responsibility of the State Board of Tax Commissioners.

Further, an "administrative adjudication" as defined in IND.CODE 4-22-1-2, includes "the administrative investigation, hearing, and determination of any agency of issues or cases applicable to particular persons". More particularly, this is the authority granted the SPCB in I.C. 6-1.1-10-10(c) in determining entitlement to the privilege afforded under I.C. 6-1.1-10-9(b) and 6-1.1-11-1.

We are of the opinion that the SPCB is subject to the AAA and in particular, to the right to be heard required by IND.CODE 4-22-1-5 which provides in pertinent part:

Whenever the law applicable to the particular agency authorizes such agency to make investigations or inspections it may make the same as so authorized with or without notice. The final order or determination of any issue or case applicable to a particular person shall not be made *except upon hearing* and timely notice of the time, place and nature thereof.... (Emphasis added).

SPCB's argument that I.C. 6-1.1-10-11 precludes the AAA's applicability to SPCB administrative action is equally unpersuasive. I.C. 6-1.1-10-11 provides:

A determination by the stream pollution control board made under section 10 [6-1.1-10-10] of this chapter may be appealed by the property owner to the circuit

court of the county in which the property is located. The court shall try the appeal without a jury.

Either party may appeal the circuit court's decision in the same manner that other civil cases may be appealed.

Compare the AAA, IND.CODE 4-22-1-14:

Any party ... aggrieved by an order or determination made by any such agency shall be entitled to judicial review hereof in accordance with the provisions of the act. [4-22-1-1—4-22-1-30]. Such review may be had by filing with the circuit or superior court of the county in which such order or determination is to be carried out or enforced ... (Emphasis added).

Reading the two statute sections results in no inconsistencies. The legislative intent behind I.C. 4-22-1-14 is to provide a uniform method of court review of all such administrative adjudication. The "circuit or superior court of the county in which such order or determination is to be carried out or enforced" is the "circuit court of the county in which the property is located".

■ Further, when one statute deals with a subject in general terms and another statute, pertaining to the same subject, deals in a more detailed and specific manner, the two should be harmonized if possible and if not possible, the statute speaking in detailed terms prevails. *Indiana State Highway Commission v. Bates & Rogers Construction, Inc.*, (1983) Ind.App., 448 N.E.2d 321.

■ We hold that the trial court properly concluded the SPCB did not make timely determinations of the tax exemption claims. The record shows that AMAX satisfied the procedural requirements in I.C. 6-1.1-10-10 for claiming the exemption in I.C. 6-1.1-10-9. We affirm the trial court's finding that the SPCB has not, with respect to this cause, held a hearing as required by I.C. 4-22-1-5. The letters issued by SPCB purportedly denying the respective claims for tax exemptions are therefore ineffective and void because they do not constitute

determinations within the meaning of IND. CODE 6-1.1-10-10(c).

Under these circumstances, IND.CODE 6-1.1-10-10(d) provides no remedy other than that the assessor shall allow the total exemptions claimed by the owner.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.