**Alfred H. PLUMMER III, Prosecuting Attorney for the 27th Judicial Circuit, Appellant (Plaintiff),**

v.

**Philip H. HEGEL, Auditor of Wabash County, Gene Cooper, Ted Little, Clyde Lovellette, Tom Krom, Mabel Oliver, Fred Orr II and Roger Ranck, as members of the Wabash County Council, Appellees (Defendants).**

No. 85A02–8711–CV–00466.

Court of Appeals of Indiana, Second District.

March 22, 1989.

Alfred H. Plummer III, Wabash, for appellant.

Thomas J. Mattern, Wabash, for appellees.

BUCHANAN, Judge.

### CASE SUMMARY

Appellant-plaintiff Alfred H. Plummer III (Plummer), as prosecuting attorney, appeals from the trial court's grant of summary judgment in favor of appellees-defendants Philip H. Hegel, et al. [hereinafter collectively referred to as the County Auditor], claiming the trial court erred as a matter of law in concluding that certain incentive payments may not be paid to Plummer by the County Auditor unless first approved by the Wabash County Council (County Council).

We reverse.

### FACTS

The facts are undisputed. Plummer is the prosecuting attorney for the 27th Judicial Circuit, which encompasses Wabash County. In January of 1987, Plummer, in his official capacity, entered into an agreement with the Child Support Division of the Indiana State Department of Public Wel-

fare pursuant to Title IV–D of the Federal Social Security Act[1] and Ind.Code 12–1–6.-1–2 to –22 (1988). The general intent of the agreement was for Plummer's office to provide "mutual assistance and procedures for establishing paternity, to secure financial support for minor children, and to insure compliance where possible with agreements and court orders for child and spousal support." *Record* at 50.

In order to encourage the efficient running of the State programs, the federal government enacted a statute which provided incentive payments to the various states for their efforts.[2] Similarly, Indiana codified a statute[3] directing that the incentive monies paid to the State IV–D agency (the Child Support Division) from the federal government be paid to the counties for their enforcement and collection efforts. These incentive payments derived from the Federal government, i.e., from child support collected "which would otherwise represent the Federal share of assistance to families of absent parents." 42 U.S.C.A. 658.

In 1985, 1986, and 1987, Plummer submitted a claim form to the County Auditor, requesting the incentive payments be paid to him. The County Auditor denied the request, responding that the County Council had to approve the request before it could make any payments. Plummer then requested the County Council to pay the incentive monies to him, which it refused. Plummer filed an amended complaint in January of 1988, asking the trial court to order the County Auditor to honor the claim forms. He also requested a declaratory judgment that the County Council's approval was not needed, or in the alternative, that the County Council be ordered to approve the payments.

The trial court entered summary judgment for Hegel and made the following conclusions of law:

"A. I.C. 33–14–7–5 establishes the minimum salary for all prosecuting attorneys for the State of Indiana and such salaries are paid totally from the General Fund of the State of Indiana.

B. As such, the salary of the prosecuting attorney is not part of the 'operating budget' of the prosecuting attorney.

C. I.C. 36–2–5–3 provides that the county fiscal body (i.e. County Council of Wabash County) shall fix the compensation of officers, deputies and other employees where compensation is payable from the county general fund. This does not include the salary of the prosecuting attorney.

D. I.C. 36–2–5–5 provides that each county officer shall prepare an itemized estimate of the amount of money required ('operating budget') for his office for the next calendar year, including compensation of the officer, the expense of employing deputies; the expense of office supplies, and other expenses of the office, specifically itemized that are payable out of the county treasury.

E. I.C. 12–1–6.6–16 [12–1–6.1–16] provides that IV–D agency shall provide incentive payments to counties for enforcing and collecting the support rights which have been assigned to the state of Indiana. The incentive payments shall be made by the IV–D agency directly to the county and deposited in the county treasury for distribution on a quarterly basis and in equal shares to (1) the county general fund; (2) the *operating budget* of the the (sic) prosecuting attorney; and (3) the *operating budget* of the county clerk. Notwithstanding I.C. 36–2–5–2(b), distribution from the county treasury shall be made without the necessity of first obtaining an appropriation from the county fiscal body. [Emphasis in original].

F. Incentive payments are to [sic] only to be used to augment the 'operating budget' of the prosecuting attorney and are not to be used to increase his minimum salary or his staff[']s, unless

---

**1.** 42 U.S.C.A. § 651 et seq. (1988).

**2.** 42 U.S.C.A. § 658 (1988).

**3.** IC 12–1–6.1–16.

requested pursuant to I.C. 36–2–5–5 and approved pursuant to I.C. 36–2–5–3.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that no material issues of fact exist and that defendants are entitled to summary judgment against plaintiff as a matter of law. Judgment on the findings."

*Record* at 84–85. This appeal followed.

### ISSUE

One issue is presented:

Did the trial court err in concluding as a matter of law that the County Council's approval was required before the prosecuting attorney could receive incentive payments as salary?

### DECISION

*PARTIES' CONTENTIONS*—Plummer's argument is that the incentive payments have no relation to tax rates or the amount of money used from tax revenues to fund budgets for the county, and thus the payment of the fund is not a matter which requires approval by the County Council. Further, Plummer contends that IC 12–1–6.1–16 allows the money to be distributed to the child support enforcement programs without appropriation by the County Council, and that the specific enforcement body may use the incentive money in any way it deems appropriate.

The County Auditor responds that for the prosecutor to receive a salary over that allocated to him from State funds, such payment must be approved by the County Council. The County Auditor concedes that the statutes direct the incentive payments to go partly to the prosecutor's operating budget, but disagrees that the payments may be made to Plummer as an additional salary without the County Council's approval.

*CONCLUSION*—The trial court erred in granting summary judgment in favor of the County Auditor, as the County Council's approval was not required before Plummer could be paid the incentive payments as additional salary.

As the facts are not in dispute, all that remains is to apply the law to the undisputed facts. *Nahamias v. Trustees of Ind. Univ.* (1983), Ind.App., 444 N.E.2d 1204, *trans. denied.*

The legal knot presented by the parties can only be disentangled by reference to various statutes which, when read carefully, are unambiguous and authoritative. "Optima statuti interpretatrix est ipsum statutum," i.e., the best interpretation of a statute is the statute itself. It is the court's duty to give effect to the plain and ordinary meaning of the words used in a statute. *Indiana Dep't of State Revenue v. Estate of Smith* (1984), Ind.App., 460 N.E.2d 1263.

The first relevant statute is IC 36–2–5–2(b) (1988), [hereinafter referred to as the County Appropriation Statute], a general statute concerning taxation and appropriations of county budgets. This statute broadly provides that, "[t]he county fiscal body [4] shall appropriate money to be paid out of the county treasury, and money may be paid out of the treasury only under an appropriation made by the fiscal body, *except as otherwise provided by law.*" (Emphasis supplied).

However, there is also IC 12–1–6.1–16, [hereinafter referred to as the Incentive Payments Statute], which *specifically* provides for the payment of incentive monies to the operating budget of the prosecuting attorney without first obtaining allowance therefor under the County Appropriation Statute.

"The IV–D agency [the Child Support Division] shall provide incentive payments to counties for enforcing and collecting the support rights which have been assigned to the State of Indiana. The incentive payments shall be made by the IV–D agency directly to the county and deposited in the county treasury for distribution on a quarterly basis and in equal share to:

(1) the county general fund;

(2) *the operating budget of the prosecuting attorney;* and

(3) the operating budget of the county clerk.

*Notwithstanding IC 36–2–5–2(b), distribution from the county treasury shall*

---

**4.** The "fiscal body" in this case is the county council. *See* IC 36–1–2–6(1) (1988).

*be made without the necessity of first obtaining an appropriation from the county fiscal body."*

*Id.* (emphasis supplied).

The intent of the legislature is made plain and unambiguous in these two statutes, and we need not go any farther than the words of these statutes to discern their meaning. *See M & K Corp. v. Farmers State Bank* (1986), Ind.App., 496 N.E.2d 111. When two statutes speak to the same general subject matter, we must harmonize and give effect to both of them, when possible. *Bell v. Bingham* (1985), Ind. App., 484 N.E.2d 624. The Incentive Payment Statute specifically authorizes the payment of incentive monies from the county treasury into the operating budget of the prosecuting attorney without appropriation by the County Council, and does not appear to be in conflict with the County Appropriation Statute. The two are in harmony. *See Bell, supra.* Now we must decide whether, once the incentive payments are placed in the operating budget Plummer is entitled to receive the incentive payments *out* of the operating budget as a salary, without the approval of the County Council.

To do so, it is necessary to review the sources from which salaries are paid to prosecuting attorneys and their staffs. Generally, the minimum salaries payable from the State to prosecuting attorneys and their deputies are specified by statute. *See generally* IC 33–14–7–1 to –5 and –19.5 to –21 (1988). More specifically, IC 33–14–7–1(a) [hereinafter referred to as the General Compensation Statute] reads in relevant portion:

"Prosecuting attorneys and their deputies shall receive for their services the compensation provided in this chapter. The minimum compensation of the prosecuting attorneys shall be paid in the manner prescribed in section 5 of this chapter. The compensation of the deputy prosecuting attorneys shall be paid in the manner prescribed in section 2 of this chapter. *Any part of the compensation*

of the prosecuting attorney or a deputy prosecuting attorney that exceeds the amount, if any, that the state is to pay shall be paid upon a duly itemized and verified claim, filed as required by law, and by warrant issued by the auditor of the county, payable to the respective prosecuting attorney or deputy, upon allowance of such claim by the board of county commissioners."

(Emphasis supplied). So this statute contemplates that a prosecuting attorney, or a deputy, may receive compensation that *exceeds* what the State is to pay.

Although IC 33–14–7–2(c) requires that the minimum salaries [5] be paid by the State general fund, that statute also provides for payment of additional salaries:

"Such salaries as provided in subsections (a) and (b) shall be paid by the state once every two (2) weeks from the state general fund. There is appropriated annually out of the general fund of the state sufficient funds to pay any such amount as may be necessary. However, *the salaries fixed in this chapter are determined to be minimum salaries and limit only the amount to be paid therefor by the state. Nothing in this chapter shall limit the power of counties comprising the respective judicial circuits to pay additional salaries upon proper action by the appropriate county officials."*

*Id.* (emphasis supplied) [hereinafter referred to as the Additional Salary Statute].

Thus, these statutes reveal that the minimum amount that the State must pay the prosecuting attorneys and their deputies as salaries is limited and specified by statute. *See* footnote 5, *supra,* and accompanying text. However, the Additional Salary Statute, *supra,* allows the counties to pay additional salaries upon action by the "appropriate county officials." A reading of the Additional Salary Statute, alone, does not disclose who are "the appropriate county officials." It is elementary that a statute should not be viewed in isolation, but rather must be considered in reference to other statutes contained in the same act or chap-

---

**5.** The specific minimum salaries payable from the State fund to the prosecuting attorney and

his deputies are provided in IC 33–14–7–2, IC 33–14–7–2.1, and IC 33–14–7–5.

ter. *See Simon v. City of Auburn* (1988), Ind.App., 519 N.E.2d 205; *Ski World, Inc. v. Fife* (1986), Ind.App., 489 N.E.2d 72. We can only conclude that the "appropriate county officials" referred to in the Additional Salary Statute (IC 33–14–7–2(c)) refers back to the previous statute, the General Compensation Statute (IC 33–14–7–1(a)) which provides that any additional compensation exceeding the amount the State must pay may only be paid upon the allowance of the claim by the *board of county commissioners*. *See* General Compensation Statute, *supra*. Indeed, Plummer agrees that he must follow the procedure set forth in the General Compensation Statute in order to receive the incentive monies. Approval by the *county council* is simply not required under these statutes. Therefore, the statutes concerning salaries for the prosecutor's office do not prohibit the payment of additional salary from the operating budget, and do not require the approval of the County Council before the payments are made.

Next we turn to two other statutes cited to support the proposition that the County Council's approval is needed. Neither of these statutes seems particularly relevant or persuasive.

The County Council, which is required under the County Appropriation Statute to make appropriations out of the treasury, is also required under IC 33–14–7–2(d) to make specific appropriations.

"There shall also be appropriated annually by the various county councils for other deputy prosecuting attorneys, for investigators, clerical assistance, witness fees, out-of-state travel, postage, telephone tolls and telegraph, repairs to equipment, office supplies, other operating expenses, and equipment an amount as may be necessary for the proper dis-

charge of the duties imposed by law upon the office of the prosecuting attorney of each judicial circuit."

*Id.* The County Auditor argues that because this paragraph does not provide for appropriation by the County Council for the prosecuting attorney's own salary as part of the operating budget, Plummer is prohibited from receiving salary from the operating budget. As the prosecutor's minimum salary comes from the State general fund, *see* IC 33–14–7–5(d), it would be illogical for the County Council to make an annual appropriation under IC 33–14–7–2(d) for payment of the prosecutor's salary. The fact that this subsection of the statute does not specifically provide that the prosecutor may receive compensation in the form of incentive payments from the operating budget is not decisive, as the previous subsection (the Additional Compensation Statute) does allow for payment by the counties of additional salaries.

The trial court's conclusions refer to IC 36–2–5–5,[6] a statute requiring county officers to prepare itemized estimates of money required for their office for the calendar year. The purpose of this statute is to aid the County Council in determining amounts of appropriation required to be paid out of the county treasury under the County Appropriation Statute. *Cf. Board of County Comm'rs v. State ex rel. Lockhart* (1939), 216 Ind. 125, 23 N.E.2d 494. As indicated above, the Incentive Payment Statute requires no appropriation under the County Appropriation Statute before the incentive payments are placed into the operating budget. Additionally, the incentive funds in this instance derive from the federal government. *See* 42 U.S.C.A. § 658(a); *record* at 59 (Affidavit of Paula M. Eggermann, Director of the Child Support Division for Indiana). Therefore, the County

---

**6.** "(a) Before the Thursday after the first Monday in August of each year, each county officer and township assessor shall prepare an itemized estimate of the amount of money required for his office for the next calendar year. Each budget estimate under this section must include:

    (1) the compensation of the officer;
    (2) the expense of employing deputies;
    (3) the expense of office supplies, itemized by the quantity and probable cost of each kind of supplies; and

    (4) other expenses of the office, specifically itemized;
that are payable out of the county treasury.

    (b) If all or part of the expenses of a county office may be paid out of the county treasury, but only under an order of the county executive to that effect, the expenses of the office shall be included in the county executive's budget estimate."
IC 36–2–5–5.

Council need not make appropriations for the incentive payments as the placing of incentive monies into the prosecutor's operating budget will not affect the county treasury.

In summary, we find no statutory authority to support the trial court's conclusion that the incentive payments cannot be paid as additional salary to the prosecutor or his staff from the operating budget, or that the County Council's approval is required. In accordance with the procedure set forth in the General Compensation Statute including the approval of the Board of County Commissioners, the payments may be made out of the prosecutor's operating budget to Plummer and his staff as additional salaries. As the purpose of the incentive payments is to "encourage and reward State child support enforcement programs which perform in a cost-effective and efficient manner to secure support for all children who have sought assistance in securing support," see 42 U.S.C.A. § 658(a), the payment of incentive monies as salaries to those involved in the enforcement programs would not seem contrary to the purpose for which the payments are made to the States by the Federal government.

The trial court's judgment is contrary to law and must be reversed. The trial court is directed to enter judgment for Plummer.

CONOVER, P.J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I concur because I agree that salaries are within the scope of an "operating budget" and that, therefore, the County Council need not appropriate those funds to be used for additional salaries.

However, I am unable to agree with the statement of the majority that the reason the Council need not make appropriations for those incentive payments is because "the placing of incentive monies into the prosecutor's operating budget will not affect the county treasury." At page 573.

As the majority notes, the statute I.C. 12–1–6.1–16 (Burns Code Ed.Repl.1988) specifies the manner in which those incentive payments are made from the IV–D

agency to the county. The statute provides that the payments are "deposited in the county treasury for distribution on a quarterly basis" to the county general fund, the prosecutor's operating budget and the clerk's operating budget. It is clear, therefore, that the funds are in fact drawn from the county treasury and disbursed as required in the three equal shares specified. To be sure the monies involved are not generated by tax revenues. That does not mean, however, that the county treasury is wholly unaffected because, to the extent that those monies are used for supplemental salary payments to the prosecutor, other funds might have to be appropriated for other operating expenses of the prosecutor's office. These other expenses might have been otherwise covered by the incentive payments. In such event, the county treasury might be depleted somewhat by the failure to apply the federal money to the necessary day-to-day expenses of the prosecutor's office.

Notwithstanding the above caveat, I concur that under existing law it is not necessary that the County Council appropriate the funds in question.